174

BURCH *v.* PERINI, SUPT.

(No. 80-1339—Decided May 20, 1981.)

*Mr. David W. Burch, pro se.*

*Mr. William J. Brown,* attorney general, and *Mr. Robert T. Russell, Jr.,* for respondent.

*Per Curiam.* A writ of habeas corpus is an extraordinary writ which is customarily granted with caution when an individual has no adequate remedy at law. The purpose of this writ is to determine the legality of the restraint or custody under which a person is held. *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, certiorari denied 382 U. S. 1017; *In re Lockhart* (1952), 157 Ohio St. 192. See, generally, *Roden* v. *Hubbard* (1981), 65 Ohio St. 2d 37; *Liberatore* v. *McKeen* (1980), 63 Ohio St. 2d 175; *Linger* v. *Weiss* (1979), 57 Ohio St. 2d 97, certiorari denied 444 U. S. 862.

The center of gravity of petitioner's argument in support of allowing the writ is that the trial court and the Court of Appeals abused their discretion is not sustaining his motion for bail. More precisely, petitioner contends that, in view of (1) our ruling in *State* v. *Young, supra,* and (2) the Court of Appeals' ruling in his initial appeal, the Court of Appeals must automatically release petitioner for the reason that he has served the requisite time in prison for his conviction on the only offense that has not been overturned. We reject petitioner's contention.

Generally speaking, when this court remands a cause to an appellate court for resolution of issues in light of a recent ruling, our remand is not, in and of itself, a final determination of the case or execution of a final judgment. Rather, a judgment is considered final only when it is disposed of by the court to which the cause has been remanded. See *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 105, 110. See, generally, 5 Ohio Jurisprudence 3d 410, Appellate Review, Section 708.

Thus, this court's remand of petitioner's case to the Court of Appeals will not necessarily result in his automatic or mandatory release. We did not order or direct a particular judgment with respect to the issues not resolved by *State* v. *Young,*

*supra;* we ordered the case back for such further proceedings as the Court of Appeals may deem appropriate, in light of our voiding of the organized crime statute, R. C. 2923.04. Indeed, in view of the fact that the Court of Appeals ruled that petitioner's conspiracy offenses merged with the conviction for organized crime, we anticipate that the Court of Appeals will want to reexamine its ruling closely.

Since there may be further proceedings at which petitioner may have to appear, the trial court and Court of Appeals are vested with considerable discretion in determining whether petitoner's release on bail will reasonably assure his appearance at these proceedings. *Coleman* v. *McGettrick* (1965), 2 Ohio St. 2d 177; Crim. R. 46.

We have carefully reviewed the entire record in these proceedings, including, but not limited to, the nature and circumstances of the offense charged, the petitioner's family ties, employment, financial resources, character and possible access to a foreign refuge. After such review, we conclude that the trial court and the Court of Appeals did not abuse their discretion in denying bail because, upon release, petitioner's appearance in court cannot, in our estimation, be reasonably assured.

For all the foregoing reasons, the writ of habeas corpus is denied.

*Writ denied.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., dissents.