FRAZIER, APPELLEE, *v.*
STICKRATH, SUPT., APPELLANT.

(No. 87 CA 15—Decided
May 2, 1988.)

*Randall M. Dana,* public defender, and *John A. Bay,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *R. Bruce Selnick,* for appellant.

GREY, P.J. This is an appeal from a judgment of the Pickaway County Court of Common Pleas granting petitioner, Mansfield Frazier, a writ of habeas corpus. We affirm.

On February 4, 1986, Frazier pleaded guilty to multiple indictments in four separate cases. The journal en-

tries from the first two cases reflected an order of the court that the sentence in the second case be served consecutively to the first creating an aggregate sentence of one year. The journal entries in the latter two cases also provided that the sentence in the third case was to be served consecutively to the sentence in the fourth case. These two journal entries also reflect an aggregate sentence of one year.

All four journal entries were silent as to whether they were to be served concurrently or consecutively to the federal sentence Frazier was serving at the time of his sentence in Cuyahoga County. On November 7, 1986, after Frazier finished serving his federal sentence, he was transported to the Chillicothe Correctional Institute to complete serving the aggregate sentence imposed by the Cuyahoga County court. Frazier received seventy-nine days' credit toward his aggregate sentence. Frazier's sentence expired on November 17, 1986.

On February 25, 1987, Frazier filed a petition for a writ of habeas corpus. A hearing was held on the matter on March 25, 1987 before Judge William Ammer. At the hearing respondent contended that the sentences imposed by the Cuyahoga County court should run consecutively, equaling an aggregate sentence of two years rather than one year. After reviewing the statutes and the case law relevant in the matter, Judge Ammer determined that Frazier's aggregate sentence was one year. Ammer held that since the trial court's order was silent as to whether the sentences in the latter two cases had to be served consecutively to or concurrently with the sentences in the former two cases the sentences were deemed to be served concurrently. Ammer based his ruling on *Hamilton* v. *Adkins* (1983), 10 Ohio App. 3d 217, 10 OBR 292, 461 N.E. 2d 319, which held in the syllabus:

"When a trial court sentences a defendant in a criminal proceeding and there is an ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, the defendant is entitled to have the language construed in his favor so that the sentences may be served concurrently."

Ammer granted Frazier's petition for the writ and ordered that Frazier be immediately released.

Respondent appeals the trial court's decision and assigns one error.

"The trial court erroneously held that a Writ of Habeas Corpus was available to challenge ambiguity in journal entries and sentencing."

A writ of habeas corpus is an extraordinary writ which will lie only when an individual is without an adequate remedy at law. *Burch* v. *Perini* (1981), 66 Ohio St. 2d 174, 20 O.O. 3d 189, 420 N.E. 2d 1001. R.C. 2725.01, which establishes which persons are entitled to a writ of habeas corpus, states:

"Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

Respondent contends that Frazier was not entitled to a writ of habeas corpus because Frazier had an adequate remedy at law. Respondent contends that Frazier challenged the ambiguity of the entries sentencing him by the Cuyahoga County Court of Common Pleas and that Frazier should have prosecuted either a direct appeal or a petition for post-conviction relief. We find respondent's contentions to be erroneous.

Frazier challenged the illegality of his continued incarceration beyond the term of his sentence from the Cuyahoga County Court of Common Pleas. The statutory language of R.C.

2725.01 clearly permits an individual to petition for a writ of habeas corpus if his maximum sentence has expired and that individual is being held unlawfully.

Here, Frazier had no adequate remedy at law to rectify his illegal incarceration after he fully served his maximum aggregate sentence of one year. The trial court properly granted Frazier's petition for a writ of habeas corpus.

Respondent's assignment of error is without merit and is overruled.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.