SMITH, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *Smith v. Seidner* (1997), 78 Ohio St.3d 172.]

(No. 96–2710—Submitted March 4, 1997—Decided April 16, 1997.)

*Stanley Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *Michael L. Bachman,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Smith asserts in his sole proposition of law that the court of appeals erred by dismissing his habeas corpus petition. Smith's petition challenged the common pleas court's verdict form because it did not include the physical-harm specification contained in his indictment.

As the court of appeals held, habeas corpus is not available to challenge either the validity or sufficiency of an indictment. *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937. In addition, habeas corpus is not available to raise claims of improper jury instructions or verdict forms. See, *e.g., State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1136–1137. Smith's claim could have been raised in a direct appeal from his conviction and sentence. *Simpson,* 75 Ohio St.3d at 571, 664 N.E.2d at 937; *Richard,* 76 Ohio St.3d at 152, 666 N.E.2d at 1136–1137; see, also, *State v. Hill* (1996), 75 Ohio St.3d 195, 208–209, 661 N.E.2d 1068, 1081–1082 (issue of propriety of jury verdict form raised in direct appeal).

Based on the foregoing, the court of appeals correctly dismissed the petition because Smith possessed an adequate remedy at law by appeal. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.