THE STATE EX REL. THOMAS, APPELLANT, v. MONEY, WARDEN, APPELLEE.

[Cite as *State ex rel. Thomas v. Money* (1997), ___ Ohio St.3d ___.]

*Habeas corpus not available to challenge either sentencing errors or the validity or sufficiency of an indictment — Habeas corpus not available when petitioner has adequate remedy at law by way of appeal.*

(No. 97-1463 — Submitted December 3, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Marion County, No. 9-97-32.

In 1989, appellant, Ralph Thomas, was convicted of several offenses, including theft, and was sentenced accordingly. In 1997, Thomas filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus to compel his immediate release from prison. Thomas claimed that the sentence for his theft conviction was unlawful and that his indictments were invalid because they did not contain a theft charge. Thomas subsequently moved for leave to amend his petition to add a claim that he was not present when sentenced by the trial court. The court of appeals granted Thomas's motion but dismissed the petition, as amended.

The cause is now before this court upon an appeal as of right.

_____

*Ralph Thomas, pro se.*

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

_____

***Per Curiam.*** Thomas asserts in his propositions of law that the court of appeals erred by dismissing his habeas corpus petition. Thomas contends that the

sentence for his theft conviction is void based on the claims he raised in the court of appeals.

The court of appeals, however, correctly dismissed the petition. Habeas corpus is not available to challenge either sentencing errors or the validity or sufficiency of an indictment. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383; *Smith v. Seidner* (1997), 78 Ohio St.3d 172, 173, 677 N.E.2d 336. These claims can be raised on direct appeal. *Massie* and *Smith*. Similarly, Thomas had an adequate remedy by appeal to raise his remaining claim that he was not present at his sentencing. See, *e.g., State v. Welch* (1978), 53 Ohio St.2d 47, 7 O.O.3d 128, 372 N.E.2d 346.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.