[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 624.]

SMITH, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *Smith v. Mitchell*, 1998-Ohio-177.]

*Habeas corpus not available to challenge jury instructions, verdict forms, or claim of ineffective assistance of appellate counsel—Habeas corpus petition dismissed for failure to comply with R.C. 2725.04(D).*

(No. 97-1292—Submitted December 3, 1997—Decided January 7, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 96-T-5608.

_____

{¶ 1} In 1992, the Portage County Court of Common Pleas convicted appellant, Climie Lee Smith, of aggravated burglary and kidnapping and sentenced him to concurrent prison terms. The common pleas court ordered that these sentences be consecutive to Smith's Geauga County burglary sentence. Smith, through counsel, appealed his convictions, and the Court of Appeals for Portage County affirmed the common pleas court's judgment. *State v. Smith* (June 30, 1993), Portage App. No. 92-P-0070, unreported, 1993 WL 257105, appeal dismissed (1993), 67 Ohio St.3d 1511, 622 N.E.2d 658.

{¶ 2} In 1996, Smith filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus. Smith claimed entitlement to the writ because (1) the common pleas court erred in its jury instructions, (2) the jury verdict forms were improper, and (3) the common pleas court did not appoint counsel for Smith to assist him in preparing and submitting an appellate brief for his direct appeal. The court of appeals granted the motion of appellee, Trumbull Correctional Institution Warden Betty Mitchell, and dismissed Smith's petition. The court of appeals determined that Smith had an adequate remedy by direct appeal from his criminal convictions and sentences to raise his nonjurisdictional claims.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Climie Lee Smith*, pro se.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 4} Smith asserts that the court of appeals erred by dismissing his petition. Smith's assertion, however, is meritless for the following reasons.

{¶ 5} First, Smith's claims of erroneous jury instructions and verdict forms could have been raised in his direct appeal from his criminal convictions and sentences; habeas corpus is not available to raise these claims. *Smith v. Seidner* (1997), 78 Ohio St.3d 172, 173, 677 N.E.2d 336, 336-337. Second, Smith's claim that his trial court erred by failing to appoint appellate counsel for him did not prejudice him because he had counsel for his direct appeal. *State v. Smith*. Any possible contention by Smith of ineffective assistance of his retained appellate counsel is also not cognizable in habeas corpus. *Haynes v. Humphreys* (1992), 64 Ohio St.3d 206, 207, 594 N.E.2d 586, 587. Finally, Smith did not attach copies of all his pertinent commitment papers to his petition. R.C. 2725.04(D); *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11. While the attachments to his petition refer to a Geauga County burglary sentence, that sentence is not attached. Without a copy of that sentence, the court of appeals could not determine whether Smith was entitled to release from prison even if his Portage County convictions were void. See *Marshall v. Lazaroff* (1997), 77 Ohio St.3d 443, 444, 674 N.E.2d 1378, 1379, quoting *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214, 1216 (" 'Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.' ").

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————