This issue arises out of petitioner's Petition for Writ of Habeas Corpus whereby petitioner alleges he is wrongfully incarcerated by the State of Ohio and respondent.
The facts indicate that petitioner was arrested on April 13, 1997. Petitioner was subsequently indicted for assault of a police officer (a felony), and robbery. After a trial on the charges, petitioner was found guilty of the assault charge (a felony four) and theft (a misdemeanor) and subsequently sentenced to six months for the petty theft and eighteen months for the robbery, to be served consecutively. Petitioner has been continuously incarcerated since the time of his arrest.
On October 6, 1997, an appeal of petitioner's conviction was filed in this court. Said appeal is pending at this time.
On October 30, 1998, petitioner petitioned this court for a Writ of Habeas Corpus alleging he is wrongfully incarcerated. Specifically, petitioner alleges that the trial court was in error when it sentenced petitioner to consecutive terms for a felony and a misdemeanor conviction arising out of the same course of conduct. Petitioner also argues that the trial court's maximum sentence for the felony conviction was in error.
Respondent answers in his Motion to Dismiss by alleging that petitioner has failed to attach copies of his commitment papers as required by R.C. 2725.04(D), that petitioner is not entitled to immediate release since his maximum sentence has not expired, that petitioner has failed to provide a detailed list of all lawsuits he has filed in the previous five years, and finally that petitioner is using habeas corpus as a substitute for direct appeal.
First, we note petitioner had attached his commitment papers in the form of his judgment entry of sentencing; and a list of all lawsuits filed within the last five years to his original Petition for Writ of Habeas Corpus, which he filed in this court. Thus respondent's allegation on these issues is without merit.
Next, respondent alleges that petitioner is not entitled to release since his maximum sentence has not expired. But if petitioner is correct in his allegation that he could not be sentenced consecutively for his felony and misdemeanor convictions, it appears that petitioner's maximum sentence has expired. It is this court's opinion that, save for a few exceptions which are not present or relevant in this case, the trial court was in error by making the felony and misdemeanor sentences consecutive.
The legislature has seen fit to make it mandatory that a sentence of imprisonment for a misdemeanor shall be served concurrently with a sentence of imprisonment for a felony. R.C.2929.41(A) recites in pertinent part:
 "In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution."
See State v. Dodd (Dec. 19, 1998), Mahoning App. No. 88 C.A. 73, unreported and State v. Jordan (Oct. 6, 1997), Butler App. No. CA 97-04-084, unreported.
Respondent is correct that petitioner is using habeas corpus as a substitute for his direct appeal.
Although petitioner has been improperly sentenced, habeas corpus is not available to challenge sentencing errors. SeeState ex rel. Thomas v. Money (1997), 80 Ohio St.3d 494. Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. Majoros v. Collins (1992), 64 Ohio St.3d 442. Although habeas corpus relief may be granted for non-jurisdictional claims, the petitioner must have no adequate remedy at law. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591. Appeal or postconviction relief are remedies at law to review claimed sentencing errors. Blackburn v. Jago (1988),39 Ohio St.3d 139. See also State ex rel. Massie v. Rogers
(1997), 77 Ohio St.3d 449.
Clearly, the petitioner has the legal remedy of raising both of his sentencing issues in his direct appeal to this court.
For all the reasons cited above, the Petition for Writ of Habeas Corpus is denied.
The Motion to Dismiss by respondent is granted.
Costs taxed to petitioner.
Final order. Clerk to serve a copy of this order to the parties as provided by the civil rules.
Hon. Gene Donofrio, Hon. Joseph J. Vukovich, Hon. Cheryl L. Waite, JUDGES.
 ----------------------------- HON. GENE DONOFRIO
 ----------------------------- HON. JOSEPH J. VUKOVICH
 ----------------------------- HON. CHERYL L. WAITE