This issue arises out of Petitioner's Petition for Writ of Habeas Corpus whereby Petitioner alleges he is wrongfully incarcerated by the State of Ohio and Respondent. Specifically, Petitioner alleges that he was deprived of his due process rights by the Adult Parole Authority (APA) where the charges which led to his parole revocation were ultimately dismissed. Petitioner also alleges that he was improperly sentenced by the trial court in his original case sentence.
The facts indicate that Petitioner was originally convicted of attempt to commit burglary on November 28, 1989 and sentenced to three to ten years of incarceration. Petitioner was placed on probation. On December 20, 1990 Petitioner's probation was revoked and he was incarcerated. Petitioner was subsequently released on parole.
While on parole, Petitioner was arrested and charged with domestic violence against his niece. Petitioner was arrested on November 28, 1997. On December 4, 1997, he received his violation of parole notice of his preliminary probable cause hearing which was held on December 18, 1997. At this hearing, the victim testified regarding the incident, and the Petitioner denied committing the offense. On August 10, 1998 Petitioner received his final parole revocation hearing where his parole was revoked. On January 12, 1998, prior to Petitioner's final revocation hearing, the charge of domestic violence was dismissed by the State.
We will first address Petitioner's allegation that he was improperly sentenced by the trial court in his original case sentence.
Habeas corpus is not an available remedy to challenge alleged sentencing errors. See State ex rel. Thomas v. Money (1997),80 Ohio St.3d 494. Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. See Majoros v. Collins
(1992), 64 Ohio St.3d 442. Although habeas corpus relief may be granted for non-jurisdictional claims, the Petitioner must have no adequate remedy at law. See State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591. Appeal or post-conviction relief are adequate remedies at law to review claimed sentencing errors. See Blackburn v. Jago (1988), 39 Ohio St.3d 139. See also,State ex rel. Massie v. Rogers (1997), 77 Ohio St.3d 449. The fact that Petitioner's direct appeal on the sentencing issue was dismissed as being untimely does not change the fact that Petitioner had an adequate remedy at law available to him to challenge the trial court's sentencing.
For all the reasons cited above, the Petitioner's allegation on this issue is without merit.
We now address Petitioner's allegation that he was denied his due process rights when his parole was revoked after the charges against him leading up to his parole revocation were dismissed.
The leading cases on the rights of a parolee during a parole revocation process are that of Morrissey v. Brewer (1972),408 U.S. 471, and Gagnon v. Scarpelli (1973), 411 U.S. 778. The revocation of parole entails a liberty interest which cannot be denied without certain procedural protections. Inherent in those protections is the right to a hearing within a reasonable time following arrest, the right to be advised of the alleged violations, the limited right to call witnesses, the right to testify in one's own behalf, and under certain circumstances, the right to be represented by counsel.
The general rule is that, "parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or a conviction is overturned."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. However, if the dismissal of the criminal charges removes all factual support from the revocation, the revocation will not be upheld. See Flenoy v. Ohio Adult Parole Auth. (1990), 56 Ohio St.3d 131.
In our case, Petitioner was provided with a hearing on his parole revocation within a very reasonable time, he was advised of the alleged violations he had committed, he was advised that he had the right to call witnesses on his behalf, he was allowed to testify on his own behalf, and he was advised that he was entitled to be represented by counsel. Petitioner was provided with all the due process rights whichMorrissey, supra guarantees in a parole revocation process.
Petitioner's final allegation is that all factual support for the APA's parole revocation was removed when the State dismissed the charges against the Petitioner. Petitioner refers to the notarized statement of the victim which states, "I Myranda S. Ogg states that I do not want my uncle (Phillip W. Ogg) in prison. My uncle Phillip is not a threat to me and I am not afraid [sic] of him." Petitioner is in error. The above statement does not indicate that the charges alleged against the Petitioner never happened, only that the victim did not want him in prison and was not afraid of the Petitioner.
In the summary of evidence used in determining findings of the parole revocation hearing by the parole officer, the parole officer noted, "Mandy Ogg's consistent statements and testimony established guilt re the above violation, injuries sustained and documented were consistent with her statements/testimony." (See Petition of Habeas Corpus Ex. A2).
The Petitioner has failed to satisfy his burden of establishing that the domestic violence allegations contained in his parole revocation hearing were false. The case cited by the Petitioner of In re Mallory (1985), 17 Ohio St.3d 34 is not on point. In that case the appellate court reversed the charges which resulted in the parole revocation and in that case thereby removed the underlying factual support for the revocation.
The absence of charges being pursued by the State of Ohio does not establish that those allegations were false and the events did not occur. A parole may be revoked even though criminal charges based on the same facts are dismissed. SeeState ex rel. Hickman v. Capots, supra.
Petitioner's Petition for Writ of Habeas Corpus is denied. Petitioner's Motion for Default Judgment is denied.
Respondent's Motion to Dismiss is granted.
Costs taxed to Petitioner.
Final order. Clerk to serve a copy of this opinion and journal entry on the parties as provided by the Civil Rules.
 __________________________ JUDGE GENE DONOFRIO
 __________________________ JUDGE JOSEPH J. VUKOVICH
 __________________________ JUDGE CHERYL L. WAITE