Petitioner states that in May, 1995 he was convicted of Drug Abuse and sentenced to one and one-half years in prison. In September, 1996, petitioner was granted a furlough and placed in a half-way house type institution to serve the remainder of his sentence. Petitioner signed a furlough contract which stated that if he absconded he would be prosecuted for the offense of Escape, a fourth degree felony, under R.C. 2921.34. In October, 1996, petitioner failed to return to the furlough house in a timely manner, and was arrested and indicted on the charge of Escape, a felony of the third degree. Petitioner pled to the offense and received a three year sentence. No direct appeal was taken to the Escape conviction and sentence.
Petitioner now alleges he was sentenced contrary to law when he was indicted and convicted of Escape as a third degree felony when he should have been indicted for Escape as a fourth degree felony. Petitioner also alleges that he was wrongfully sentenced under R.C. 2921.34(C)(2)(b) as a sexual predator or a delinquent child. Petitioner states that he should be released immediately. Petitioner is in error.
The Ohio Supreme Court has long held that challenges to the sufficiency or validity of an indictment are not cognizable in habeas corpus. See Thomas v. Money (1997), 80 Ohio St.3d 494,Van Buskirk v. Wingard (1998), 80 Ohio St.3d 659, Wilcox v.Seidner (1996), 76 Ohio St.3d 412 and Richard v. Seidner
(1996), 76 Ohio St.3d 149.
Petitioner's claim that he should have been indicted for a fourth degree felony instead of a third degree felony per his furlough contract, could and should have been raised in a direct appeal of that sentence. The manner by which an accused is charged with a crime is procedural rather than jurisdictional. See Orr v. Mack (1998), 83 Ohio St.3d 429. Generally, when the petitioner does not attack the jurisdiction of the court, habeas corpus will be denied. R.C. 2725.05. SeeStahl v. Shoemaker (1977), 50 Ohio St.2d 351. However, in certain extraordinary circumstances, habeas corpus will lie even though jurisdiction is not an issue, but only where there is no adequate legal remedy. See State ex rel. Pirman v. Money
91994), 69 Ohio St.3d 591. In this case petitioner had the adequate legal remedy of a direct appeal available. The fact that no direct appeal was taken is immaterial.
Petitioner's allegation that he was missentenced is also not cognizable in habeas corpus. See State ex rel. Thomas v. Money
(1997), 80 Ohio St.3d 494, State ex rel. Massie v. Rogers
(1997), 77 Ohio St.3d 449, and Smith v. Seidner (1997), 78 Ohio St.3d 172. As with petitioner's allegation concerning his indictment, petitioner had an adequate legal remedy by way of direct appeal to challenge any supposed sentencing errors.
Petitioner's Petition for Writ of Habeas Corpus is denied.
Motion to Dismiss by respondent is granted.
Costs taxed to petitioner.
Final order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 -------------------------- HON. Edward A. Cox
 -------------------------- HON. Gene Donofrio
 -------------------------- HON. Joseph J. Vukovich