This timely appeal arises out of the trial court's denial of appellant's petition for writ of habeas corpus and the granting of respondent-appellee's motion to dismiss.
On November 25, 1996, appellant entered a guilty plea to the trial court and was sentenced on December 20, 1996 to a definite term of two years for possession of L.S.D. (a controlled substance); a definite term of one year for trafficking in L.S.D.; a definite term of one year for witness intimidation, with all sentences to be served consecutively.
On October 23, 1998, appellant filed a petition for writ of habeas corpus with the trial court of Noble County. On November 18, 1998, the trial court dismissed appellant's writ finding that "petitioner's Petition is facial and fatally defective".
On December 1, 1998, appellant filed his notice of appeal of the dismissal to this court. On January 19, 1999, appellee filed a motion to dismiss, to which appellant responded on February 2, 1999. On April 14, 1999, this court denied appellant's motion for appointed counsel.
In appellant's October 23, 1998 petition for a writ of habeas corpus to the trial court, appellant alleged that he was, "illegally sentenced" and that "petitioner's counsel was ineffective".
Although appellant has titled this filing as a petition for writ of habeas corpus with appellant designated as petitioner and appellee as respondent, we will treat this pro-se action as an appeal of the denial of a petition for writ of habeas corpus and treat petitioner as appellant and respondent as appellee.
Appellant's December 1, 1998 filing with this court merely duplicates the habeas corpus action filed in the lower court.
The lower court correctly dismissed appellant's petition for writ of habeas corpus. Habeas corpus is not available to challenge sentencing errors. See State ex rel. Thomas v.Money(1997), 80 Ohio St.3d 494; State ex rel. Massiev. Rogers(1997), 77 Ohio St.3d 449. Appellant had an adequate remedy by way of appeal to raise any claims of sentencing errors.
Habeas corpus is also not available to challenge the competency of trial counsel. Such issues as competency of counsel or claims of ineffective assistance of trial counsel must be raised by appeal and not by habeas corpus. See Jackson v. Maxwell,Warden(1962), 174 Ohio St.2d 32; State ex rel. Dotson v.Rogers(1993), 66 Ohio St.3d 25.
Appellant further claims to be innocent of any crime. Questions as to the guilt or innocence of one convicted of a crime cannot be raised in a habeas corpus proceeding. See Jackson v.Maxwell, Warden, supra. For the reasons cited above, appellant's assignments of error are without merit. Judgment affirmed.
Costs taxed against relator-appellant.
 ____________________________ GENE DONOFRIO, JUDGE
 ____________________________ EDWARD A. COX, JUDGE
 ____________________________ JOSEPH J. VUKOVICH, JUDGE