On November 15, 1999, Mr. Lee Bernasek, as next best friend of Dana Degan, commenced this habeas corpus action to obtain Ms. Degan's release from the County Jail. The petition hints that in the underlying case, Ehor Dobromilsky v. Dana Dobromilsky, nkaDana Degan, Cuyahoga County Common Pleas Court, Domestic Relations Division, Case No. D-228716, Ms. Degan is being held because of an erroneous order relating to a security instrument. Simultaneously with the filing of the petition, an "Emergency Motion Notice and Request for Hearing" was filed. Later, on November 15, 1999, an "Emergency Motion to Order Lower Court to Set Bond" was filed. Attached to this motion was a certified copy of a journal entry filed November 12, 1999, in the underlying case which provided in pertinent part as follows: "Defendant, Dana Degan, fka Dana Dobromilsky, is found in contempt and is sentenced to 10 days in the county jail. She is hereby remanded to custody of sheriff to serve same." On November 16, 1999, Mr. Bernasek tendered to the clerk of the court of appeals a photocopy of a certified copy of the petition for habeas corpus; across the front page, including the caption, was hand-printed the following in large print at approximately a forty-five degree angle to the rest of the page: "Accepted for value this property is exempt from levy. Value: $1,200,000.00/ Date: 11-16-99/ Invoice: 011199/ /s/Lee J Bernasek/ 1299 Washington Blvd./ Mayfield Hts. Ohio 44124/ Employer ID # 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/ Non-negotiable." For the following reasons this court, sua sponte, dismisses the petition for habeas corpus and denies the emergency motions.
Habeas corpus relief is not available when there is an adequate at law. State ex rel. Fryerson v. Tate (1999), 84 Ohio St.3d 481.705 N.E.2d 353 and Smith v. Seidner (1997), 78 Ohio St.3d 172,677 N.E.2d 336. In the present case, appeal provides an adequate remedy at law. Appellate Rules 7 and 8 provide for stays pending appeal. Thus, there is an adequate remedy to prevent the matter from becoming moot. In the matter off John Tamburello (June 21, 1995), Cuyahoga App. No. 69147, unreported and Turhan Wynn v.Thomas Hardin (Dec. 2, 1993), Cuyahoga App. No. 66333, unreported.
Moreover, R.C. 2725.05 provides that if it appears that the person alleged to be restrained of his liberty is in the custody of an officer by virtue of an order of a court of record, and the court has jurisdiction to make the order, then the writ of habeas corpus shall not be allowed. Trial courts have contempt powers. R.C.2705.01 and 2705.02. Accordingly, the petition for habeas corpus is ill-founded because the trial court has the requisite jurisdiction. Tamburello and Wynn, aupra.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45 (B) (1) (a). State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. Nor was the petition verified as required by R.C.2725.04.
The court denies the emergency motions for a hearing and to order the lower court to set bond as moot. The court also instructs the clerk of courts for the court of appeals to return to Mr. Bernasek, without filing it or making it part of the record, the photocopy of the petition with the hand-printing which starts "Accepted for value."
Accordingly, the court dismisses the petition for a writ of habeas corpus. Relator to pay costs.
TIMOTHY F. McMONAGLE, P.J., and ANNE L. KILBANE, J., CONCUR.
 ____________________________ JUDGE JAMES D. SWEENEY