OPINION AND JOURNAL ENTRY
This cause arises as a Petition for Writ of Habeas Corpus whereby Petitioner alleges he is wrongfully incarcerated by the Respondent and the State of Ohio.
The facts indicated that Petitioner originally pled guilty to two counts of arson and was given a suspended sentence. After violation of his community controlled sanctions, Petitioner was sentenced to serve one year for arson in violation of R.C.2909.03 (F) (3) concurrent with fifteen months for Arson in violation of R.C. 2903.03 (F) (4).
On June 1, 1999, Petitioner filed this Petition for Writ of Habeas Corpus, basically alleging that the indictment brought against him contained multiple counts for the same crime, in violation of the Fifteenth Amendment's bar against double jeopardy, and that his sentencing calculation was in error.
On June 24, 1999, Respondent filed his Motion to Dismiss. Petitioner responded on July 6, 1999 with a Motion in Opposition to Respondent's Motion to Dismiss. Finally, on September 2, 1999, Petitioner filed a Motion for Summary Judgment.
The Ohio Supreme Court has long held that challenges to the sufficiency or validity of an indictment are not cognizable in habeas corpus. See State ex rel. Thomas v. Money (1997), 80 Ohio St.3d 494; Van Buskirk v. Wingard (1998), 80 Ohio St.3d 659;Wilcox v. Seidner (1996), 76 Ohio St.3d 412; and Richard v.Seidner (1996), 76 Ohio St.3d 149. See also this Court's decision in Brown v. Haskins (Mar. 3, 1999), Noble App. No. 259, unreported.
Petitioner's claim that his criminal act was definitely, "not a series of acts" but one single act, and thus double jeopardy bars the State from separate charges, could and should have been raised in a direct appeal of that sentence. The manner by which an accused is charged with a crime is procedural rather than jurisdictional. See Orr v. Mack (1998), 83 Ohio St.3d 429. Generally, when petitioner does not attack the jurisdiction of the court, habeas corpus will be denied. R.C. 2725.05. See Stahlv. Shoemaker (1977), 50 Ohio St.2d 351. However, in certain extraordinary circumstances, habeas corpus will lie even though jurisdiction is not an issue, but only where there is no adequate legal remedy. See State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591. In this case petitioner had the adequate legal remedy of a direct appeal available. The fact that no direct appeal was taken is immaterial.
Petitioner's allegation that his sentencing calculation was in error is also not cognizable in habeas corpus. See State ex rel.Maisie v. Rogers (1997), 77 Ohio St.3d 449; and Smith v. Seidner
(1997), 78 Ohio St.3d 172. See also this court's decision inBrown, supra. As with petitioner's allegation concerning the supposed double jeopardy error in his indictment, petitioner had an adequate legal remedy by way of direct appeal to challenge any supposed sentencing errors.
Petitioner's Petition for Writ of Habeas Corpus is denied.
Petitioner's Motion for Summary Judgment is denied.
Motion to Dismiss by Respondent is granted.
Costs taxed to Petitioner.
Final order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
 ______________________________ JOSEPH J. VUKOVICH, JUDGE
 ______________________________ CHERYL L. WAITE, JUDGE