OPINION AND JOURNAL ENTRY
Petitioner had been arrested and charged with forgery and released on a recognizance bond of $25,000. Petitioner alleges that he discovered, "there would be no further prosecution regarding the alleged forgery" and assumed the charges would be dropped and that he had no reason to appear before the trial court.
Petitioner was then indicted by the Grand Jury on November 22, 1999 for failure to appear in violation of R.C. 2937.99. Petitioner pled guilty to the charge of failure to appear and was subsequently sentenced to one year of incarceration.
Petitioner now alleges that he was, "indicted under the limited provisions of R.C. 2937.99(A) as stated on indictment and therefore his appearance was not required and the indictment for failure to appear should have been dismissed on its face for failure to state an indictable offense * * *."
The Ohio Supreme Court has long held that challenges to the sufficiency or validity of an indictment are not cognizable in habeas corpus. See Thomas v. Money (1997), 80 Ohio St.3d 494;VanBuskirk v. Wingard (1998), 80 Ohio St.3d 659; Wilcox v.Seidner (1996), 76 Ohio St.3d 412; and Richard v. Seidner (1996),76 Ohio St.3d 149.
Petitioner's claim that the indictment should have been dismissed, for whatever reason, could and should have been raised in a direct appeal of his sentence. The manner by which an accused is charged with a crime is procedural rather than jurisdictional. See Orr v. Mack (1998), 83 Ohio St.3d 429. Generally, when the Petitioner does not attack the jurisdiction of the court, habeas corpus is denied. R.C. 2725.05. See, also,Stahl v. Shoemaker (1997), 50 Ohio St.2d 351. However, in certain extraordinary circumstances, habeas corpus will lie even though jurisdiction is not an issue, but only where there is no adequate legal remedy. See State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591
. In this case, Petitioner had the adequate legal remedy of a direct appeal available, whether or not he availed himself of that remedy.
Petitioner's Petition for Writ of Habeas Corpus is dismissed.
Costs taxed to Petitioner.
Final Order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 _________________________________ JUDGE EDWARD A. COX
 _________________________________ JUDGE JOSEPH J. VUKOVICH
 _________________________________ JUDGE CHERYL L. WAITE