Petitioner, Wesley Garner, filed a Petition for Writ of Habeas Corpus. Respondent, Mohammed Chaudhry, filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12 (B) (6). Garner filed a reply to Respondent's Motion to Dismiss.
On July 3, 2000, this court sua sponte, converted respondent's Motion to Dismiss to a Motion for Summary Judgment and ordered the parties to submit all pertinent evidence that is permitted pursuant to Civ.R. 56 (C). On July 12, 2000, the parties submitted a Stipulation that this court has all the evidence necessary to decide the Motion for Summary Judgment, that they rely on the documents attached to the pleadings and that no further briefing is required.
In January 1993, Garner was convicted and sentenced on four counts of Breaking and Entering and one count of Grand Theft. The trial court sentenced him to eighteen months on each count, to be served consecutively. The court deferred the imposition of the sentence and placed Garner on probation. In March 1996, Garner violated the terms of his probation. The trial court revoked Garner's probation and ordered "* * * that a sentence of eighteen months on each count be reimposed * * * The trial court did not state in the March 1996 Judgment Entry that the sentences should be served consecutively as it had in its January 1993 Judgment Entry.
Garner asserts that, pursuant to R.C. 2929.41, the sentences should be served concurrently because the trial court did not specify in the Judgment Entry revoking his probation the manner in which the sentences were to be served. The state asserts that the trial court "reimposed" Garner's sentence and that the eighteen-month sentences should be served consecutively. We agree.
When a defendant who has violated probation is brought before the trial court, the judge may reimpose the sentence or continue the probation. State v. Steen (June 28, 1994), Vinton App. No. 93CA490, unreported. The word "reimpose" means to impose again." This court interprets the trial court's use of the word "reimpose" as the trial court's intention to "impose again" the same sentences in the same manner as it had originally done in January 1993.
The Ohio Supreme Court held that habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591. This exception only applies where there is no adequate remedy at law, e.g., appeal or postconviction relief. State ex rel. Jackson v. McFaul (1995),73 Ohio St.3d 185. Therefore, a writ of habeas corpus will be denied where there is an adequate remedy at law. State ex rel. Tucker v. Rogers (1993), 66 Ohio St.3d 36. Habeas corpus is the proper remedy when a defendant's sentence has expired and that he is entitled to immediate release from prison. State ex rel Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186. See, also, Morgan v. Ohio Adult Parole Auth. (1994), 68 Ohio St.3d 344; Frazier v. Stickrath (1998), 42 Ohio App.3d 114. Upon consideration, this court finds that Garner's sentence has not expired and that he is not being unlawfully held because the trial court's Entry of March 1996 reimposed the sentences imposed in January 1993 and those sentences were to be served consecutively. Garner's Petition for Writ of Habeas Corpus is hereby DENIED.
 JUDGEMENT ENTRY
Petitioner's petition for writ of habeas corpus is DENIED.
A certified copy of this entry shall constitute that order pursuant to Rule 27 of the Rules of Appellate Procedure.
The costs of this action are charged to petitioner.
Harsha, J. Concurs, Evans, J. Dissents
_____________________________________ Roger L. Kline, Presiding Judge