OPINION
In April 1989, petitioner-appellant, Daryl Lee Rogers, Jr., was sentenced to forty-six months in prison on a federal charge. At that time, Rogers also had a criminal charge pending in the Franklin County Court of Common Pleas.
Rogers appeared before the Franklin County Common Pleas Court seven months later and pleaded guilty to one count of aggravated robbery, a first degree aggravated felony. The common pleas court sentenced Rogers to a term of seven to twenty-five years and made the following order: "[s]entence to run CONCURRENT with forty-six (46) months at Oxford, Wisconsin, federal conviction." The trial judge then ordered Rogers returned to the federal institution in Wisconsin where he was serving his federal sentence.
In June 1992, Rogers completed his federal sentence and was sent to Ohio to serve the balance of his state term of imprisonment.
Rogers subsequently filed a petition for habeas corpus, claiming that his Ohio sentence had been completed upon his release from the federal system and he was being illegally held in an Ohio prison. The lower court denied the requested relief and Rogers appeals. For the reasons that follow, we affirm.
Rogers submits two assignments of error for review, both of which essentially claim his constitutional rights were violated by the lower court's dismissal of his petition for habeas corpus relief.
It is well-settled that petitions presenting allegations involving sentencing errors which do not challenge the sentencing court's jurisdiction are not cognizable in habeas corpus. State ex rel. Massiev. Rogers (1997), 77 Ohio St.3d 449; Majoros v. Collins (1992),64 Ohio St.3d 442. See, also, State ex rel. Wynn v. Baker (1991),61 Ohio St.3d 464 (claims directed to whether sentences should be served consecutively or concurrently do not challenge the jurisdiction of the sentencing court).
Rogers argues that because he has completed his forty-six month federal sentence, his Ohio sentence is likewise complete despite the fact he was sentenced by the Ohio court to a term of seven to twenty-five years. Concurrent sentences are two or more sentences of jail time to be servedsimultaneously. State v. Walker (May 8, 2000), Clermont App. No. CA99-09-086, unreported. Where concurrent sentences are imposed, all or part of each term of imprisonment is served simultaneously and a prisoner is only entitled to discharge at the expiration of the longer term specified. See State ex rel. Lillemoe v. Tahash (1968), 280 Minn. 176,159 N.W.2d 99. If served concurrently, the longer sentence does not terminate simply upon completion of the shorter prison term.
Moreover, Rogers has only served his minimum term of imprisonment and is not entitled to habeas corpus relief unless "his maximum sentence has expired and [he] is being held unlawfully." Frazier v. Stickrath
(1988), 42 Ohio App.3d 114, 115-116. Quite simply, Rogers' petition does not challenge the jurisdiction of the Franklin County Court of Common Pleas. Habeas corpus is not a proper remedy for reviewing alleged sentencing errors by a court of competent jurisdiction. Blackburn v.Jago (1988), 39 Ohio St.3d 139.
Having failed to challenge the jurisdiction of the sentencing court, Rogers is not entitled to habeas corpus relief. The lower court correctly denied the petition and did not violate Rogers' constitutional rights.
The assignments of error are overruled and the judgment of the lower court is hereby affirmed.
VALEN, P.J., and WALSH, J., concur.