OPINION AND JOURNAL ENTRY
On February 22, 2002, pro-se Petitioner filed a complaint in habeas corpus seeking release from incarceration, arguing that the Franklin County Common Pleas Court lacked subject matter jurisdiction and that the indictment against him failed to charge an offense. Attached to the petition are copies of the sentencing entry upon a guilty plea to involuntary manslaughter, the indictment for aggravated murder and aggravated robbery with firearm specifications, an order denying petitioner's motion to withdraw his guilty plea and a partial transcript of the change of plea hearing.
On March 7, 2002, Petitioner filed a notice of lawsuits he had filed in the last several years. On March 14, 2002, this Court issued a journal setting an answer or show cause date.
On April 26, 2002, Respondent filed a motion to dismiss the petition for failure to state a claim upon which relief could be granted. Respondent asserts res judicata bars a successive petition on the same claim which was already ruled upon by the Fourth District Court of Appeals. Respondent also asserts that an available legal remedy of direct appeal bars this original action, that Petitioner failed to verify his petition as required by R.C. 2725.04 and that since Petitioner's maximum sentence has not expired he is not entitled to release. See Frazier v.Stickrath (1988), 42 Ohio App.3d 114. Attached to the motion to dismiss is a copy of the petition for habeas corpus which Petitioner filed in the Fourth District Court of Appeals on February 15, 2000. That petition was dismissed on March 22, 2000 and the Ohio Supreme Court affirmed on September 20, 2000. In response to the motion to dismiss, Petitioner filed on May 1, 2002, a motion to strike or overrule the motion to dismiss. By such pleading Petitioner attempts to distinguish the two cases, inasmuch as this Court identified the grounds of the petition being a lack of subject matter jurisdiction, which was not specifically identified by the Fourth District in its ruling.
For the following reasons we sustain the Respondent's motion and dismiss this petition.
A comparison of the petition filed by Petitioner in the Fourth District under Case No. 00 CA 14 and the petition sub judice reveals that they are identical in content with insignificant minute changes. The Fourth District held that habeas corpus is not available to challenge the validity or sufficiency of an indictment, citing to State ex rel. Raglinv. Brigano (1998), 82 Ohio St.3d 410.
It may be gleaned from the petition that Petitioner views the charged offenses as "one on one" crimes, that one Ernest Hillmon pled guilty to murder arising out of the same criminal transaction, that complicity was not charged in the indictment and therefore this jurisdictional defect deprived the sentencing court of jurisdiction.
It is uncontroverted that Petitioner pled guilty to an amended indictment charging involuntary manslaughter. It was specified that involuntary manslaughter is a lesser included offense to aggravated murder. Petitioner is attempting to confuse the issue by asserting that the indictment should have charged complicity, if anything at all, since another person was convicted of the same murder.
The Ohio Supreme Court has already addressed the issue in its affirmance of the Fourth District judgment. Citing to Crockett v.Haskins (1965), 2 Ohio St.2d 322, the Supreme Court held that an accused can properly plead guilty to a lesser included offense of the charge for which he was indicted, and habeas corpus will not lie to challenge a conviction on this plea. Furthermore, the Supreme Court has decided that any claim as to the validity and sufficiency of the indictment should have been raised by the legal remedy of appeal. As noted in State exrel. Thomas v. Money (1997), 80 Ohio St.3d 494, 495:
"Habeas corpus is not available to challenge either sentencing errors or the validity or sufficiency of an indictment. State ex rel. Massie v.Rogers (1997), 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383; Smith v.Seidner (1997), 78 Ohio St.3d 172, 173, 677 N.E.2d 336."
As regards the jurisdiction of the Common Pleas Court, under R.C.2931.03:
"The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."
Clearly, Petitioner's argument that the sentencing court lacked jurisdiction is without merit.
Furthermore, res judicata precludes the filing of successive habeas corpus petitions. Freeman v. Tate (1992), 65 Ohio St.3d 153, 586 N.E.2d 86. The petition filed in this case is virtually identical to the one rejected by the Fourth District, whose judgment was upheld by the Ohio Supreme Court. Petitioner is attempting a proverbial "third-bite at the apple," to obtain relief which two courts have previously denied.
As Respondent has demonstrated that the Petitioner has failed to state a claim upon which relief could be granted and further, that this action is barred by res judicata, the motion to dismiss is sustained. Petition for Writ of Habeas Corpus is dismissed. Costs taxed against Petitioner.
Final order. Clerk to serve a copy of this opinion and journal entry on the parties as provided by the civil rules.
Donofrio, J., Vukovich J., concurs.
Waite, J., concurs.