OPINION
{¶ 1} Petitioner-appellant, Jerome E. Barnett, appeals the decision of the Madison County Court of Common Pleas denying his petition for a writ of habeas corpus. Judgment reversed and cause remanded.
 {¶ 2} Appellant, who is in prison in Madison County, filed, pro se, a petition for a writ of habeas corpus, arguing that he had served his maximum prison term of four years for two 1997 Montgomery County felonious assault and drug convictions and should be released from prison.
 {¶ 3} Respondent-appellee, Mark Houk, warden of the prison where appellant is incarcerated, moved to dismiss appellant's petition. Respondent attached a number of documents to his motion that indicated that appellant was convicted of murder in 1975 and sentenced to 15 years to life, but paroled in 1988. The documents also indicate that appellant was considered and denied parole in 2001, and his next parole review is 2006.
 {¶ 4} Respondent argues that appellant was returned to prison in 1997 on his new felony convictions and a parole violation, and that he is not eligible for the writ because the applicable maximum prison term is appellant's life sentence.
 {¶ 5} The trial court converted respondent's motion to dismiss into a motion for summary judgment and ruled in favor of respondent, granting summary judgment. Appellant instituted this appeal, pro se, presenting five assignments of error.
 {¶ 6} Upon review, we interpret appellant's first, second, fourth and fifth assignments of error to contest the trial court's decision to grant summary judgment to respondent on appellant's petition for a writ of habeas corpus.
 {¶ 7} A court of appeals reviews the decision on whether to grant summary judgment in a habeas corpus proceeding as it would in any other civil summary judgment action. Horton v. Collins
(1992), 83 Ohio App.3d 287, 291. Summary judgment is appropriate when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and, construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56. Our standard of review on summary judgment is de novo. Jones v.Shelly Co. (1995), 106 Ohio App.3d 440, 445.
 {¶ 8} Under R.C. 2725.01, "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." In other words, habeas corpus is available under these circumstances where an individual's maximum sentence has expired and he is being held unlawfully. SeeFrazier v. Stickrath (1988), 42 Ohio App.3d 114, 116.
 {¶ 9} Reviewing the record under the applicable summary judgment standard, we find that reasonable minds could not come to but one conclusion or that respondent was entitled to summary judgment. Despite respondent's assertions that appellant was returned to prison, in part, on a parole violation with the maximum term of life, the record provided did not support the existence of a parole violation. Genuine issues of material fact remain on the issue of this parole violation as the cause of appellant's imprisonment, and summary judgment was not appropriate.
 {¶ 10} Appellant's first, second, fourth and fifth assignments of error are sustained only to the extent that they contested the grant of summary judgment to respondent.
 {¶ 11} Appellant's third assignment of error alleges error because the trial court failed to consider his motions to "enlarge the record" and for "reconsideration." Based upon our ruling on the previous assignments of error, this assignment is moot.
 {¶ 12} Judgment reversed and cause remanded to the trial court for proceedings consistent with this opinion.
Young, P.J., and Powell, J., concur.