[Cite as *Gibson v. Bradshaw*, 2013-Ohio-1867.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DUANE GIBSON | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MARGARET BRADSHAW, WARDEN | : | Case No. 13CA11 |
| | : | |
| Respondent-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 2012CV0776


JUDGMENT:                               Affirmed


DATE OF JUDGMENT:                       May 6, 2013


APPEARANCES:

For Petitioner-Appellant                For Respondent-Appellee

DUANE GIBSON, PRO SE                    THELMA THOMAS PRICE
Inmate No. 395-782                      150 East Gay Street
Richland Correctional Institution       16th Floor
P.O. Box 8107                           Columbus, OH  43215
Mansfield, OH  44905

*Farmer, J.*

{¶1}    On September 6, 2000, appellant, Duane Gibson, was sentenced to an aggregate term of fourteen years in prison after being convicted of aggravated arson (eight years) and burglary (six years).  His sentence was affirmed on appeal.  *State v. Gibson,* 9th Dist. No. 20301, 2001 WL 358393, (April 11, 2001), *appeal not accepted,* 92 Ohio St.3d 1445.

{¶2}    On February 7, 2008, appellant filed a petition for a writ of habeas corpus, claiming his convictions were void due to defects in the pre-indictment and preliminary hearing process.  On August 29, 2008, the trial court dismissed the petition, finding appellant had failed to state a claim upon which relief may be granted.  This decision was affirmed on appeal.  *State v. Gibson,* 5th Dist. No. 08CA85, 2009-Ohio-829.

{¶3}    On October 12, 2009, the trial court resentenced appellant to include a period of post-release control.  The post-release control order was affirmed on appeal. *State v. Gibson,* 9th Dist. No. 25085, 2011-Ohio-566.

{¶4}    On July 3, 2012, appellant filed a second petition for a writ of habeas corpus, claiming his sentence was void because it had been vacated in 2009 when post-release control was imposed.  Appellant also claimed he was not subject to post-release control on the burglary conviction as he had completed the sentence prior to his resentencing, and the Ohio Department of Rehabilitation and Corrections had failed to update, review, and maintain accurate files on him.  On January 16, 2013, the trial court dismissed the petition, finding appellant had failed to state a claim upon which relief may be granted and had an adequate remedy at law.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶6} "THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION WHEN IT DISMISSED THE COMPLAINT FOR HABEAS RELIEF UNDER CIV.R. 12(B)(6) WHEN THE PETITIONER DID NOT HAVE AN AVAILABLE REMEDY TO CHALLENGE HIS VOID COMMITMENT ORDER."

I

{¶7} Appellant claims the trial court erred in dismissing his petition for habeas corpus relief. We disagree.

{¶8} R.C. 2725.01, which establishes which persons are entitled to a writ of habeas corpus, states "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." A writ of habeas corpus will generally lie only when a prisoner can show that his/her confinement is illegal because the trial court never had the requisite jurisdiction to convict or his/her sentence has expired. *McKay v. Gansheimer,* 11th Dist. No. 2003-A-0123, 2004-Ohio-4284. A writ of habeas corpus is an extraordinary writ which may not be used if an adequate remedy at law exists. *Heddleston v. Mack,* 84 Ohio St.3d 213 (1998); *Burch v. Perini,* 66 Ohio St.2d 174 (1981). Sentencing errors by a trial court that had proper jurisdiction cannot be remedied by extraordinary writ. *Majoros v. Collins,* 64 Ohio St.3d 442 (1992). Habeas corpus is not a substitute for appeal or postconviction relief. *Daniel v. State,* 98 Ohio St.3d 467, 2003-Ohio-1916.

{¶9}   Appellant argues he is being unlawfully restrained of his liberty as his sentence was void because it had been vacated in 2009 when post-release control was imposed.  Appellant also argues he does not have an adequate remedy at law.

{¶10}  The trial court resentenced appellant in 2009 to include an order of post-release control.  The court of appeals upheld the post-release control order, but found under *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, "the trial court only had the authority to hold a resentencing hearing on the void part of Mr. Gibson's sentence, which was the part regarding post-release control." *Gibson (2011), supra,* at ¶ 8.  As a result, the court of appeals concluded "[b]ecause the trial court exceeded its authority when it attempted to resentence Mr. Gibson on aspects of his sentence that were not void, those parts of the resentencing entry that addressed anything other than post-release control must be vacated." *Id.* at ¶ 9.

{¶11}  When the court of appeals vacated "those parts of the resentencing entry that addressed anything other than post-release control," it in effect left the original sentence intact. *Fischer, supra,* at ¶ 26-28.  Appellant's sentence was not void as a result of the 2009 proceedings, and the original sentence had been upheld on appeal. *Gibson (2001), supra.*  Appellant had an adequate remedy at law by way of appeal to the Supreme Court of Ohio and chose not to pursue it.

{¶12}  Appellant also argues he was not subject to post-release control on the burglary conviction as he had completed the sentence prior to his resentencing and the Ohio Department of Rehabilitation and Corrections had failed to update, review, and maintain accurate files on him.  Although appellant filed an appeal after his 2009 "resentencing" challenging aspects of his sentence, he did not specifically challenge the

order of post-release control, nor did he file a further appeal with the Supreme Court of Ohio.

{¶13}  Upon review, we find the trial court did not err in dismissing appellant's petition for writ of habeas corpus.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES



SGF/sg 417

[Cite as *Gibson v. Bradshaw*, 2013-Ohio-1867.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DUANE GIBSON                                  :
                                              :
    Petitioner-Appellant              :
                                              :
-vs-                                          :           JUDGMENT ENTRY
                                              :
MARGARET BRADSHAW, WARDEN                     :
                                              :
    Respondent-Appellee               :           CASE NO. 13CA11


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES