[Cite as *McKinney v. Tibbals*, 2014-Ohio-592.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JERMAINE MCKINNEY | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J |
| -vs- | : | |
| | : | |
| TERRY TIBBALS, WARDEN | : | Case No. 13 CA 65 |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Habeas Corpus


JUDGMENT:          Dismissed


DATE OF JUDGMENT:          February 13, 2014


APPEARANCES:

For Petitioner

JERMAINE MCKINNEY, Pro Se
#A520-677
1150 N. Main Street
Mansfield, OH  44901

For Respondent

JERRI  L. FOSNAUGHT
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, OH  43215

*Farmer, J.*

{¶1}   Petitioner, Jermaine McKinney, has filed a Petition for Writ of Habeas Corpus arguing he is entitled to immediate release from prison because he and his attorney were denied access to the jury verdict forms filed in his case.  Respondent has filed a motion to dismiss based on the procedural defect which exists due to Petitioner's failure to attach a copy of all of his commitment papers.  Further, Respondent argues the petition should be dismissed because Petitioner has failed to state a claim upon which relief may be granted.  In response to the motion to dismiss, Petitioner suggests he has attached copies of all commitment papers for those convictions he has not yet served.   In other words, Petitioner maintains he has already served one of his sentences which was imposed by the Mahoning County Court of Common Pleas, therefore, he was not required to attach those commitment papers.

{¶2}   Even assuming Petitioner is correct in his contention that he has attached all necessary commitment papers, we find the petition fails to state a claim upon which relief may be granted.

{¶3}   "Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Keith's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus. *State ex rel. Turner v. Houk,* 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5." *Keith v. Bobby*, 2008-Ohio-1443, 117 Ohio St. 3d 470, 472, 884 N.E.2d 1067, 1069 (2008).

{¶4}   In general, habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement. *Crase v. Bradshaw,* 108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 5; *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423.

{¶5}   Petitioner's sole contention is that he was deprived of the right to appeal issues related to the jury verdict forms because both the trial court and the court of appeals denied his counsel the opportunity to review those forms.  In short, he argues the denial of appellate review of the jury verdict forms entitles him to the issuance of a writ of habeas corpus.  Petitioner contends the jury verdict forms are void because they do not contain every element of the offenses for which he was convicted.

{¶6}   The Supreme Court has held, "[H]abeas corpus is not available to raise claims of improper jury instructions or verdict forms. See, *e.g., State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1136-1137."  *Smith v. Seidner*, 1997-Ohio-224, 78 Ohio St. 3d 172, 173, 677 N.E.2d 336 (1997).

{¶7}   Further, Petitioner has or had an adequate remedy at law by way of filing an application to reopen his appeal pursuant to App.R. 26.  The existence of an adequate remedy at law precludes the issuance of a writ of habeas corpus.  "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6.

{¶8}   For these reasons, the motion to dismiss is granted.  The request for writ of habeas corpus is denied.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/as 131