The State ex rel. Massie, Appellant, *v.* Rogers, Warden, Appellee.

[Cite as *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449.]

(No. 96–2186—Submitted January 7, 1997—Decided February 19, 1997.)

*Barbara Lynn Massie*, pro se.

*Betty D. Montgomery*, Attorney General, and *Lillian B. Earl*, Assistant Attorney General, for appellee.

---

*Per Curiam.* Massie contends that the judgment of the court of appeals should be dismissed because the trial court lacked jurisdiction to enter an indeterminate sentence on her conviction for sexual battery. But sentencing

errors are not jurisdictional and are not cognizable in habeas corpus. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039.

In addition, although habeas corpus relief may be granted for nonjurisdictional claims, the petitioner must have no adequate remedy at law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. Appeal or postconviction relief are remedies at law to review claimed sentencing errors. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 139–140, 529 N.E.2d 929, 930. Since Massie possessed adequate legal remedies by an appeal or postconviction relief to raise the alleged sentencing error, the court of appeals properly dismissed the petition. *Thomas v. Collins* (1996), 74 Ohio St.3d 413, 413–414, 659 N.E.2d 790, 790–791.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.