[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 296.]

[THE STATE EX REL.] NORRIS, APPELLANT, *v.* BOGGINS, JUDGE, APPELLEE.

[Cite as *State ex rel. Norris v. Boggins*, 1997-Ohio-115.]

*Mandamus to compel common pleas judge to vacate a nunc pro tunc sentencing entry and discharge relator from custody—Writ denied, when.*

(No. 97-223—Submitted October 7, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Stark County, No. 1997CA00004.

————————————

{¶ 1} Appellant, Robert Lee Norris, filed a complaint in the Court of Appeals for Stark County seeking a writ of mandamus to compel appellee, Stark County Common Pleas Court Judge John Boggins, to vacate a *nunc pro tunc* sentencing entry and to discharge him from custody. The court of appeals denied the writ.

{¶ 2} The cause is now before this court upon an appeal as of right.

————————————

*Robert Lee Norris, pro se*.

————————————

***Per Curiam.***

{¶ 3} Norris asserts that the court of appeals erred by denying the writ. Norris's claim, however, is meritless for the following reasons.

{¶ 4} First, habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison. *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349. Second, Norris has or had adequate legal remedies by an appeal or petition for postconviction relief to challenge any sentencing error. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383.

**{¶ 5}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____