OPINION
Appellant, Clifford Griffin, appeals a common pleas court decision denying his petition for a writ of habeas corpus.
In 1993, appellant was convicted of one count of attempted rape following a jury trial in the Morrow County Court of Common Pleas and sentenced to an indeterminate prison term of four to fifteen years. He now claims the sentence was improper and that he should have been sentenced for a third degree aggravated felony rather than a second degree aggravated felony. The Madison County Court of Common Pleas found that appellant failed to set forth any basis upon which the sentencing court allegedly lacked jurisdiction and denied the petition for habeas corpus.
Appellant presents three assignments of error, all of which are directed to his claim that the lower court should have granted habeas corpus relief since the sentencing court erroneously imposed sentence for a second degree aggravated felony.
It is well-settled that allegations involving sentencing errors are not jurisdictional and therefore not cognizable in habeas corpus actions. State ex rel. Massie v. Rogers (1997),77 Ohio St.3d 449; Majoros v. Collins (1992), 64 Ohio St.3d 442; and State ex rel. Wynn v. Baker (1991), 61 Ohio St.3d 464. Appellant's petition simply does not challenge the jurisdiction of the Morrow County Court of Common Pleas. Habeas corpus is not a proper remedy for reviewing alleged sentencing errors by a court of competent jurisdiction. Blackburn v. Jago (1988),39 Ohio St.3d 139.
Having failed to challenge the jurisdiction of the sentencing court, appellant is not entitled to habeas corpus relief. The lower court correctly denied appellant's petition.
The assignments of error are overruled and the judgment of the trial court is hereby affirmed.
POWELL, P.J., and KOEHLER, J., concur.