This matter is on appeal from the Trumbull County Court of Common Pleas. Appellant, Robert Lee Norris, appeals from the decisions of the trial court denying his motion for summary judgment and denying his petition for a writ of habeas corpus.
Appellant was indicted during the September 1992 term of the Stark County Grand Jury and charged with the following: Count One, kidnapping, a violation of R.C. 2905.01 with a prior conviction specification; Count Two, rape, a violation of R.C.2907.02 with a prior conviction specification; and Count Three, rape, a violation of R.C. 2907.02, with a prior conviction specification. A jury found Norris guilty of counts one and two, on July 26, 1993. Norris was found guilty of count three, on September 3, 1993, in a separate jury trial. Appellant was initially sentenced as follows:
 "Count One: For an indeterminate term of incarceration of fifteen (15) years to twenty-five (25) years, or until otherwise pardoned, paroled or released according to law, with a minimum actual incarceration of fifteen (15) years and with a $10,000 fine.
 "Count Two: For an indeterminate term of incarceration of fifteen (15) years to twenty-five (25) years, or until otherwise pardoned, paroled or released according to law, with a minimum actual incarceration of fifteen (15) years and with a $10,000 fine.
 "Count Three: For an indeterminate term of incarceration of fifteen (15) years to twenty-five (25) years, or until otherwise pardoned, paroled or released according to law, with a minimum actual incarceration of fifteen (15) years and with a $10,000 fine."
It was further ordered that the sentences be served consecutively. On January 4, 1994, the trial court entered anunc pro tunc resentencing order that appeared to drop counts two and three and sentenced appellant on the first count. Norris was sentenced for an indeterminate term of incarceration of fifteen years to twenty-five years, or until otherwise pardoned, paroled or released according to law, with a minimum actual incarceration of fifteen years and with a $10,000 fine. Realizing that it failed to sentence Norris for counts two and three, the trial court entered a second nunc pro tunc
sentencing order, on October 18, 1995. While the trial court did reinstate counts two and three of appellant's original sentence, it increased the fine imposed, for each count of rape, from $10,000 for each count to $20,000 for each count.
Appellant is now an inmate at the Trumbull Correctional Institution, a state penitentiary, located in Trumbull County, Ohio. Appellee, Chelleh Konteh, is the warden of that prison.[1] On December 5, 1997, appellant filed a pro se petition for a writ of habeas corpus, pursuant to R.C. 2725.01 et seq. On January 9, 1998, appellant filed a motion asking the trial court to grant his writ of habeas corpus on summary judgment. Appellant alleged that the following grounds entitled him to habeas corpus relief:
 "(1) the trial court violated his Sixth Amendment right to a speedy trial by unreasonably delaying his sentence, resulting in a substantial increase in his punishment;
 "(2) the trial court violated the double jeopardy clause of the Fifth Amendment by improperly increasing his punishment after execution and commencement of the initial punishment; and,
 "(3) the trial court violated his Fifth Amendment right to due process by increasing his sentence sua sponte, without strict compliance with Ohio Crim. R. 43, which requires that a defendant must be present when one sentence is vacated and a new sentence imposed."
Appellee responded by filing a motion to dismiss the petition. In judgment entries filed January 26, 1998, the trial court denied appellant's petition for writ of habeas corpus and, as a result thereof, denied appellant's motion for summary judgment as being moot. The trial court denied appellant's petition for failure to attach an affidavit, which contained a description of his civil actions filed in the previous five years, and held that his "motion is not a proper manner in which to test trial or sentencing error." The trial court also noted that appellant did not allege that he had served his sentence and was being unlawfully held. Although the judgment entry denies appellant's petition for a writ of habeas corpus, the trial court gives reasons which support appellee's motion to dismiss. The variance in form does not affect the consistent result.
From this judgment, appellant filed a timely appeal with this court in which he asserts the following assignments of error:
 "[1.] Whether the trial court abused its discret[ion] thereby violating the due process rights of petitioner by failing to make a factual determination as to whether [the] petitioner did actually have an "an adequate alternative" state remedy thereby precluding habeas corpus relief."
 "[2.] Whether the trial court erred by dismissing the pro se application for writ of habeas corpus pursuant to: Ohio Revised Code Section 2969.25(A), where [petitioner] had substantially fulfilled the requirement of listing his previous civil actions by listing those "civil actions" within the body of the ["verified complaint"] and there after annexing ("in chronological order"] each of those civil actions to the initiating petition."
 "[3.] Whether the trial court abused its discretion by violating petitioner's due process rights by failing to grant summary judgment where there was [*no genuine issue] to any material fact, and where respondent raised, nor offered any recognizable dispute to "any" of the material facts in issue."
 "[4.] It is error for a "state court of last resort" to close its door to the review and adjudication of a petition for writ of habeas corpus where, "clearly identifiable" and prima facie constitutional grounds' and question(s) are raised."[2]
Appellant's first and fourth assignments of error raise the same issue and thus will be discussed together. In appellant's first assignment of error, he alleges that the trial court should have made a determination that appellant was entitled to habeas corpus relief because he had no adequate alternative remedy at law. In his fourth assignment of error, appellant alleges that the trial court erred by denying his petition for a writ of habeas corpus and failing to consider the constitutional issues raised therein. Norris claims that he had no adequate remedy at law because he was unable to file a timely direct appeal due to the trial court's denial of his request for appointment of counsel and that the Stark County Court of Common Pleas had not ruled on his application for postconviction relief. It is clear from this argument that appellant misunderstands State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 635 N.E.2d 26. In Pirman, the Supreme Court of Ohio made the following pronouncement about the viability of habeas corpus relief when the petitioner does not attack the jurisdiction of the trial court. "We have implicitly recognized that in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g. appeal or postconviction relief." Id. at 593.
In the instant case, appellant does have an adequate remedy at law. "Appeal or postconviction relief are remedies at law to review claimed sentencing errors." State ex rel. Massie v.Rogers (1997), 77 Ohio St.3d 449m 674 N.E.2d 1383 (citingBlackburn v. Jago [1988], 39 Ohio St.3d 139, 529 N.E.2d 929). That appellant failed to raise the sentencing error on direct appeal does not mean that he now has a right to habeas corpus relief. Adams v. Humphreys (1986), 27 Ohio St.3d 43,500 N.E.2d 1373. In addition thereto, appellant has filed his petition for postconviction relief in the Stark County Court of Common Pleas. Appellant has no right to demand habeas corpus relief simply because his remedies at law are not successful. Furthermore, "habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully." Heddleston v. Mack (1998), 84 Ohio St.3d 213,702 N.E.2d 1198. Appellant claims that his maximum sentence has expired based upon the sentencing guidelines set forth in Am.Sub.S.B. No. 2; however, those provisions only apply to crimes committed on or after July 1, 1996. State v. Rush
(1998), 83 Ohio St.3d 53, 697 N.E.2d 624. Appellant committed his offenses in 1992, before the effective date of Am.Sub.S.B. No. 2; therefore, any sentence set forth in Am.Sub.S.B. No. 2 does not apply to appellant. Appellant was properly sentenced to a maximum twenty-five years for kidnapping and this maximum sentence has not expired. Because appellant has not provided valid support for his demand, the trial court did not err by denying appellant's petition for a writ of habeas corpus. Appellant's first and fourth assignments of error have no merit.
In his second assignment of error, appellant alleges that the trial court erred by denying his petition for a writ of habeas corpus for failing to comply with the mandatory provisions of R.C. 2969.25(A). This statute provides that "at the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action the inmate has filed in the previous five years in any state or federal court." Appellant argues that he substantially complied with this requirement by listing his previous civil actions in the body of the verified complaint. It is not necessary to address the merits of this argument because even if appellant had complied with the requirements set forth in R.C. 2969.25(A), the trial court properly denied appellant's petition for the reasons discussed in the analysis of appellant's first assignment of error.
In his third assignment of error, appellant alleges that the trial court abused its discretion by failing to grant appellant's motion for summary judgment. The trial court properly denied appellant's motion for summary judgment as moot, once it denied appellant's petition for a writ of habeas corpus. Appellant's third assignment of error has no merit.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
 --------------------------- JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.
[1] Initially, appellant named Betty Mitchell as the appellee in this action. Subsequently, however, Chelleh Konteh replaced Mitchell as the warden of the Trumbull Correctional Institution. As a result, Konteh has been substituted as the party to this appeal pursuant to App. R. 29(C)(1).
[2] These assignments of error are reproduced as they appear in appellant's brief. We have not made any attempt to correct grammatical, punctuation, or typographical mistakes.