OPINION AND JOURNAL ENTRY
On May 25, 1999 Petitioner Donald A. Harman filed a petition in mandamus seeking an order to compel Respondent to grant him jail time credit of one hundred four days instead of the thirty-seven days actually allowed. Petitioner included in his complaint a listing of the multiple charges for which he was sentenced and the respective days served on each charge prior to his being sentenced. Petitioner has also attached an affidavit attesting that he endeavored to obtain jail time credit by proper motion filed on August 4, 1998 but to no avail.
On May 28, 1999 Respondent, by an Assistant Mahoning County Prosecutor, filed a motion to dismiss the petition. As regards to a credit request for twenty-one days in Case No. 95 CR 575, Respondent points out that the record reflects Petitioner was found not guilty and R.C. 2967.191 precludes credit for days served since he was not convicted of the charge therein. In Case No. 94 CR 736 Petitioner was credited with thirty days. In Case No. 94 CR 668 Petitioner was credited with eleven days. In Case No. 94 CR 823 Petitioner was credited with thirty days. In Case No. 95 CR 666 Petitioner was credited with eleven days. Credit for days served was journalized in the respective cases on October 17, 1995. Respondent contends that it has credited Petitioner with days served and any dispute about the number of days credited may be challenged by a direct appeal. Respondent argues that mandamus is not a substitute for appeal. State ex. rel. Barger v. Ross (1978), 53 Ohio St.2d 18.
A review of the clerk's docket record for each underlying case reveals that credit for time served was incorporated into the sentencing entry of October 17, 1995.
As stated in State ex. rel. Massie v. Rogers (1997), 77 Ohio St.3d 449:
 "Appeal or postconviction relief are remedies at law to review claimed sentencing errors. Blackburn v. Jago (1998) 39 Ohio St.3d 139, 139-140, 529 N.E.2d 929, 930."
Petitioner herein possessed an adequate legal remedy by way of appeal to contest the sentence that was imposed. In fact, the docket record reflects that Petitioner has filed a postconviction petition in the underlying cases, as well as an appeal from the denial of the postconviction petition. (See Appeals Case No. 96 CA 184 — Affirmed on June 21, 1999). This court also reviewed other trial court orders entered in these matters which were appealed. (See Appeals Case No. 98 CA 34 — Affirmed on December 7, 1999); (Denial of delayed appeal in Case No. 99 CA 230).
Under R.C. 2731.05: "The writ of mandamus must not be issued when there is a plan and adequate remedy in the ordinary course of the law." Petitioner failed to timely appeal the sentences wherein credit for days served was noted. An original action in mandamus will not lie where Petitioner failed to appeal. State ex. rel. Davies v. City of Elyria
(1980), 62 Ohio St.2d 443.
Motion of Respondent to dismiss this Petition for Writ of Mandamus is sustained. Petition dismissed. Costs taxed against Petitioner.
Final Order. Clerk to serve notice on the parties as provided by the civil rules.
HON. GENE DONOFRIO, HON. JOSEPH T. VUKOVICH, and HON. MARY DEGENARO.