DECISION AND JUDGMENT ENTRY
This case is before the court upon a petition for habeas corpus filed by petitioner Eddie Moss. Because we find that the trial court had jurisdiction to render judgment against petitioner, we find the petition not well-taken and we deny it.
As grounds for habeas corpus relief, petitioner claims several times in his petition that the trial court lacked jurisdiction to render a judgment against him or to confine him. R.C. 2725.05 provides:
 "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."
See, also, Wireman v. Ohio Adult Parole Authority (1988),38 Ohio St.3d 322, 323 ("It has long been established that a writ of habeas corpus will not be allowed when a prisoner is held by virtue of the judgment of the court of record that had jurisdiction to render that judgment.")
In this case, the record establishes that the court had jurisdiction to hear and determine the case: the indictment alleged that the offenses occurred in Lucas County, Ohio, a jury in Lucas County found him guilty, and a trial court in Lucas County sentenced him. Since the court had jurisdiction to "render the judgment or make the order," see R.C. 2725.05, the petition shall not be allowed.
Additionally, in his petition, petitioner makes one reference to the trial court not having jurisdiction as, he says, we held in our decision of June 19, 1992. See State v. Moss (June 19, 1992), Lucas App. No. L-91-126, unreported. In that decision, we noted that after petitioner had been incarcerated,
he was sent back for a new trial on the firearm specifications. After a new trial, a jury found petitioner guilty on the firearm specifications, and petitioner appeared before the trial court for resentencing on the specifications. At that time, the trial court also resentenced petitioner on the underlying aggravated robbery charges. Petitioner appealed from the verdict and the order resentencing him. In his third assignment of error, petitioner complained that the trial court erred in resentencing him on the underlying aggravated robbery charges because the trial court "had no jurisdiction to do so under Ohio's post-conviction remedy statute." This court found that assignment of error well-taken, finding that the trial court was "without authority" to resentence on the underlying aggravated robbery charges. Accordingly, in our June 19, 1992 decision, this court vacated the trial court's new sentence on the aggravated robbery charges and reinstated the original sentence on those charges.
To the extent that petitioner is claiming that he is entitled to habeas corpus relief because of the resentencing, we find that this error has already been cured, and the original sentence on those charges stand. Moreover, according to the Supreme Court of Ohio, "sentencing errors are not jurisdictional and are not cognizable in habeas corpus." State exrel. Massie v. Rogers (1997), 77 Ohio St.3d 449, 449-450. For these reasons,
we find that petitioner is not entitled to habeas corpus relief, and his petition is denied. Costs to petitioner.
 ____________________________ Mark L. Pietrykowski, P.J.
 Melvin L. Resnick, J., Richard W. Knepper, J. CONCUR.