OPINION AND JOURNAL ENTRY
{¶ 1} On January 7, 2004, Petitioner filed this action in mandamus and prohibition seeking an order to compel Respondent to take no further action to enforce a sentencing order issued October 23, 2003. Service was accomplished on January 9, 2004.
 {¶ 2} The order issued in Case No. 03 CR 0157 on October 23, 2003, imposed a ninety (90) day sentence consecutive to a sentence imposed in a separate criminal action involving Petitioner.
 {¶ 3} Petitioner asserts that Respondent erred in imposing a consecutive sentence in the written judgment entry after she had previously accepted a joint sentencing recommendation that the ninety (90) day sentence be served concurrently.
 {¶ 4} Petitioner asserts that a direct appeal was not pursued as he learned of the discrepancy after the time for appeal had expired. This assertion ignores that App.R. 5(A) allows for delayed appeals in criminal proceedings. Moreover, the legal remedy of appeal or postconviction relief is available to challenge any sentencing error. State ex rel. Massie v. Rogers
(1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383. Therefore, extraordinary relief is not available when an adequate remedy at law exists.
 {¶ 5} Finally, on January 16, 2003, Respondent issued an order in underlying Case No. 03 CR 157 setting aside its order of October 23, 2003. Such action moots this petition.
 {¶ 6} Accordingly, this petition is dismissed. Costs taxed against Petitioner.
Waite, P.J., Donofrio and Vukovich, JJ., concur.