OPINION
{¶ 1} Petitioner-appellant Robert Lee Norris appeals from the March 26, 2004, Judgment Entry of the Richland County Court of Common Pleas which overruled appellant's petition for writ of habeas corpus. Respondent-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 20, 2004, appellant filed the instant petition for habeas corpus. In the writ, appellant essentially contended that he had served his maximum sentence of 15 years for kidnapping and, therefore, was entitled to be released from prison.
 {¶ 3} This matter arises from an unusual set of circumstances.[1] On November 12, 1992, the Stark County Grand Jury indicted appellant on two counts of rape in violation of R.C. 2907.02, aggravated felonies of the first degree, and one count of kidnapping in violation of R.C. 2905.01, an aggravated felony of the second degree. All of the counts in the indictment contained specifications that appellant had previously been convicted of or pled guilty to one count of aggravated kidnapping, two counts of sexual intercourse without consent, and one count of sexual intercourse without consent. See R.C.2941.142. Counts one and two of the indictment (kidnapping and rape) concerned one victim and count three (rape) involved a different victim. At his arraignment, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 4} Because there were different victims involved, counts one and two were tried separately from count three. A jury trial on the charges contained in counts one and two, rape and kidnapping, commenced on July 20, 1993. On July 26, 1993, the jury returned a verdict of guilty of both rape and kidnapping. A jury trial on the charge of rape as contained in count three of the indictment commenced on August 31, 1993. On September 3, 1993, the jury returned with a guilty verdict. Subsequently, following a hearing held on September 9, 1993, the trial court found appellant guilty of all the specifications.
 {¶ 5} Thereafter, as memorialized in a Journal Entry filed on September 10, 1993, the trial court sentenced appellant to an indeterminate term of incarceration of fifteen (15) to twenty-five (25) years on each of the three counts. The trial court further ordered that the minimum term of fifteen years "be served as actual incarceration." The three sentences were to be served consecutively to each other. Appellant was ordered to pay a fine of $10,000.00 with respect to each of the three counts. Thus, appellant was sentenced to an aggregate prison sentence of 45-75 years and fined $30,000.00.
 {¶ 6} Thereafter, a Nunc Pro Tunc Judgment Entry was filed on January 4, 1994. The January 4, 1994, Entry was issued to order the Stark County Sheriff to calculate appellant's jail time credit. However, the trial court, in its January 4, 1994, Judgment Entry only sentenced appellant with respect to the charge of kidnapping.
 {¶ 7} Appellant filed a timely appeal of his conviction and sentence with this Court. Pursuant to an Opinion filed on February 21, 1995, Stark App. Case No. CA-9436, the judgment of the trial court was affirmed.
 {¶ 8} Thereafter, on or about July 17, 1995, appellant filed a habeas petition pursuant to 28 U.S.C. Section 2254 seeking to overturn his state court rape and kidnapping convictions. The United States District Court for the Northern District of Ohio denied appellant's petition. Subsequently, appellant filed an appeal with the United States Court of Appeals, Sixth Circuit.
 {¶ 9} In the meantime, a second Nunc Pro Tunc Judgment Entry to correct the omissions contained in the first Nunc Pro Tunc Judgment Entry was filed by the trial court on October 13, 1995. In that Entry, the trial court sentenced appellant to 15-25 years of imprisonment for each of the three counts, to be served consecutively, and imposed a $10,000.00 fine with respect to the kidnapping charge and a $20,000.00 fine as to each of the two counts of rape.
 {¶ 10} On January 3, 1997, appellant filed a writ of mandamus seeking to compel the trial court judge to vacate the second nunc pro tunc sentencing entry, dated October 13, 1995, and discharge appellant from custody.[2] On January 14, 1997, this court denied appellant's writ based upon a finding that appellant had an adequate remedy at law, i.e. direct appeal. Appellant appealed to the Ohio Supreme Court. The Ohio Supreme Court affirmed this court's decision finding, first, that habeas corpus, rather than mandamus, was the proper action since appellant sought immediate release from prison and, second, appellant had adequate legal remedies by an appeal or petition for post-conviction relief to challenge any sentencing error. Norris v. Boggins,80 Ohio St.3d 296, 297, 1997-Ohio-115, 685 N.E.2d 1250.
 {¶ 11} On December 5, 1997, while appellant was an inmate at the Trumbull Correctional Institution, appellant filed a petition for writ of habeas corpus, pursuant to R.C. 2725.01 et seq.[3] By judgment entry filed January 26, 1998, the trial court denied appellant's petition for writ of habeas corpus.
 {¶ 12} Appellant filed a timely appeal with the Eleventh District Court of Appeals. The Eleventh District Court of Appeals affirmed the trial court's decision. See Norris v. Konteh
(April 19, 1999), Trumbull App. No. 98-T-0030.
 {¶ 13} Pursuant to an Opinion filed on May 26, 1998, the United States Court of Appeals, Sixth Circuit, affirmed the judgment of the United States District Court denying appellant's petition for a writ of habeas corpus. The court noted that it understood appellant's frustration with the disorderly and confusing method by which appellant was sentenced in the state trial court. However, the court also noted that the August Nunc Pro Tunc was most likely made to eradicate any suggestion by the December, 1993, Nunc Pro Tunc Judgment that appellants' sentences for the two rapes had been dropped. The court further noted that Ohio courts may amend a journal entry nunc pro tunc to correct any errors so that the final sentencing entry accurately reflects the penalty imposed at the sentencing hearing. Norris v.Schotten (1998), 146 F.3d 314, 333. However, in its May 26, 1998, Opinion, the court indicated that it "agree[d] with appellant that the sudden increase in fines from $30,000 in September of 1993 to $50,000 by August of 1995 needs to be explained since a `NUNC PRO TUNC ORDER CANNOT be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide." SeeNorris v. Schotten (1998), 146 F.3d 314, 333.[4] For that reason, the trial court filed a third Nunc Pro Tunc Judgment Entry on July 9, 1998, clarifying that appellant was to pay an aggregate of $30,000.00 in fines.
 {¶ 14} The petition for a writ of habeas corpus at issue in this case concerns the issuance of the second and third nunc pro tunc entries by the trial court. In the petition, appellant contends that the State should be bound by the first nunc pro tunc Judgment Entry by the trial court which convicted appellant of kidnapping only. Appellant contends that he has served the maximum sentence allowable by law for such a conviction.
 {¶ 15} By Judgment Entry filed on March 26, 2004, the trial court overruled appellant's petition for habeas corpus. The trial court concluded that appellant was not entitled to immediate release. The trial court noted that appellant was sentenced to serve 15-25 years on each of three counts, for an aggregate term of 45-75 years and had not yet served the maximum sentence on even one single term of conviction. Further, the trial court found that appellant's petition was based upon an alleged sentencing error and habeas corpus is not available to attack sentencing errors.
 {¶ 16} It is from the March 26, 2004, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 17} "I. WHETHER AN UNAPPEALED, NON-VACATED, ANDUNREVERSED FEDERAL JUDGMENT, AND IN DETERMINING THE `TRUE CAUSE OF DETENTION,' 28 U.S.C. [SEC.] 2254 OF THE HABEAS CORPUS APPLICANT ON THE BASIS OF ACTIONS CERTIFIED ON AN `APPEARANCE DOCKET SUBMITTED WITH RESPONDENT'S RETURN OF WRIT,' IS RESJUDICATA AS DEFINED IN: FEDERATED DEPARTMENT STORES, INC., V.MOITIE, 452 U.S. 394; CLEGG V. UNITED STATES, C.C.A. UTAH 112 F.2D 886; AND, FEDERAL DEPOSIT INS. CO. V. WILLOUGHBY, 482 N.E.2D 1267, 19 OHIO APP.3D 51. (Emphasis Original)
 {¶ 18} "II. WHETHER A STATE COMMON PLEAS COURT MAY PROPERLY RELY UPON SUCH UNAPPEALED FEDERAL JUDGMENT IN FORMING ITS CONCLUSION AS TO THE `FACT AND DURATION OF CONFINEMENT IN A HABEAS CORPUS PROCEEDING FILED PURSUANT TO O.R.C. [SEC.]2725.01,' HOWEVER, AND IN SO DOING, REACH A CONCLUSION THAT IS FACIALLY INCONSISTENT WITH AND PATENTLY CONTRARY TO THE ULTIMATE FINDING AND CONCLUSION OF THE FEDERAL JUDGMENT UPON WHICH IT RELIES.
 {¶ 19} "III. WHETHER A COURT OF RECORD SPEAKS ONLY THROUGH ITS JOURNAL, AND WHERE AS HERE, A STATE TRIAL COURT SEEKS TO GIVE FORCE AND EFFECT TO A JUDGMENT ENTRY NOT SPREAD ACROSS THE FACE OF A *CERTIFIED AND UN-CONTESTED APPEARANCE DOCKET WHICH WAS MADE PART OF THE RECORD, WHETHER SUCH USAGE AND RELIANCE IS CONTRARY TO LAW AND OFFENDS BOTH THE DUE PROCESS AND FUNDAMENTAL FAIRNESS CLAUSES OF THE FEDERAL CONSTITUTION'S FOURTEENTH AMENDMENT.
 {¶ 20} "IV. WHETHER O.R.C. [SEC.] 5145.01 ISSELF-EXECUTING, AND WHETHER, AS IN THE INSTANT CASE, WHERE THE EVIDENCE IRREFUTABLY SHOWS THAT APPELLANT WAS SENTENCED TO `AN UNDULY LENGTHY PERIOD OF TIME ON THE FIRST COUNT, `KIDNAPPING,' — [*AN AGGRAVATED FELONY OF THE SECOND DEGREE],' AND ALL
ADDITIONAL COUNTS OF THE INDICTMENT HAD BEEN DISMISSED, WILL HABEAS CORPUS LIE TO COMPEL APPELLANT'S IMMEDIATE RELEASE FROM CUSTODY OF RESPONDENT-APPELLEE WHERE APPELLANT HAS FULLY AND COMPLETELY DISCHARGED THE MAXIMUM AUTHORIZED PENALTY FOR `KIDNAPPING' (`AS CHARGED IN THE INDICTMENT') UNDER O.R.C. [SEC.] 2929.11. (Emphasis Original)
 {¶ 21} "V. WHETHER THE TRIAL COURT'S ERRONEOUS CONSTRUCTION OF THE FEDERAL HOLDING IN *NORRIS-1221 IMPLICATES THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT'S (`AEDPA') `GATE-KEEPING FUNCTION' AND THUS CONSTITUTES A CONTINUATION OF THE DIRECT APPEAL AS CONTEMPLATED UNDER 28 U.S.C. [SEC.] 2254; 28 U.S.C. [SEC.] 2244(B)(2); CARLSON V. PITCHER, 137 F.3D 416 (6TH CIR.); AND NORRIS V. SCHOTTEN, 146 F.3D 314, AT: 333 (6TH
CIR. 1998)." (Emphasis Original).
 {¶ 22} Essentially, in the five assignments of error presented, appellant contends that he is entitled to immediate release from prison because he has served the maximum sentence for his sole conviction for kidnapping, count I of the indictment. In order to reach this conclusion, appellant argues that the maximum sentence to which appellant could be sentenced was 15 years, not 15-25 years and that this court must enforce only the first nunc pro tunc judgment entry issued by the trial court. In the first nunc pro tunc judgment entry, the trial court indicated that count II and count III of the indictment for rapes had been dismissed. We disagree.
 {¶ 23} Generally, the remedy of habeas corpus lies only where the jurisdiction of the court is attacked. Although appellant attempts to frame the issue in terms of jurisdiction, in actuality, appellant's claims concern alleged sentencing errors. Sentencing errors are not jurisdictional and are not cognizable in habeas corpus. State ex re. Massie v. Rogers (1997),77 Ohio St.3d 449, 450, 1997-Ohio-258, 674 N.E.2d 1383. Further, to grant a claim for habeas corpus, a petitioner must have no adequate remedy at law. Id. When a sentencing error is raised, the proper avenue for relief is through direct appeal or postconviction relief. Majoros v. Collins (1992), 64 Ohio St.3d 442, 443,596 N.E.2d 1038; Norris v. Boggins, 80 Ohio St.3d 296, 297,1997-Ohio-115, 685 N.E.2d 1250.
 {¶ 24} In this case, we find that appellant could have raised these issues on direct appeal. As such, appellant is not entitled to relief.
 {¶ 25} Further, we note that this is appellant's second petition for habeas corpus filed in a state court. See Norris v.Konteh (April 19, 1999), Trumbull App. No. 98-T-0030. Res judicata precludes appellant from filing successive habeas corpus petitions. State ex rel. Brantley v. Ghee (1997),80 Ohio St.3d 287, 288, 685 N.E.2d 1243.
 {¶ 26} Accordingly, appellant's assignments of error are overruled.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This statement of facts will be limited to facts directly relevant to this court's disposition. We note that appellant has filed many actions in various courts which are not included in this statement of facts.
[2] Norris v. Boggins (Jan.14, 1997), Stark App. No. 1997CA00004.
[3] Appellant alleged that the following grounds entitled him to habeas corpus relief:
"(1) the trial court violated his Sixth Amendment right to a speedy trial by unreasonably delaying his sentence, resulting in a substantial increase in his punishment.
"(2) the trial court violated the double jeopardy clause of the Fifth Amendment by improperly increasing his punishment after execution and commencement of the initial punishment; and,
"(3) the trial court violated his Fifth Amendment right to due process by increasing his sentence sua sponte, without strict compliance with Ohio Crim. R. 43, which requires that a defendant must be present when one sentence is vacated and a new sentence imposed."
[4] Although not raised by appellant on his direct appeal in the federal court, the issue of the nunc pro tunc entries was raised by appellant in a pro-se supplemental brief.