OPINION
{¶ 1} Appellant, Carl Davis, appeals a common pleas court decision denying his petition for a writ of habeas corpus.
 {¶ 2} In 1998, appellant plead guilty to one count each of aggravated burglary, attempted rape, and felonious assault in the Franklin County Court of Common Pleas. The state and defense jointly recommended a sentence of 15 years of incarceration, five years for each offense. The trial court sentenced appellant, but three months later issued a corrected *Page 2 
sentencing entry in which it specified that appellant was to receive three five-year sentences to be served consecutively.
 {¶ 3} In requesting habeas relief, appellant claims the amended sentence was improper and that he should receive the original sentence imposed which, according to appellant, would only total ten rather than 15 years. The Madison County Court of Common Pleas found that appellant failed to allege any basis upon which the sentencing court lacked jurisdiction and denied the petition.
 {¶ 4} Appellant presents three assignments of error, all of which are directed to his claim that the lower court should have granted habeas corpus relief since the sentencing court erroneously imposed a 15-year aggregate sentence.
 {¶ 5} It is well-settled that allegations involving sentencing errors are not jurisdictional and therefore not cognizable in habeas corpus actions. State ex rel. Massie v. Rogers, 77 Ohio St.3d 449,1997-Ohio-258; Majoros v. Collins (1992), 64 Ohio St.3d 442; andState ex rel. Wynn v. Baker (1991), 61 Ohio St.3d 464. Appellant's petition simply does not challenge the jurisdiction of the Franklin County Court of Common Pleas. Habeas corpus is not a proper remedy for reviewing alleged sentencing errors by a court of competent jurisdiction. Blackburn v. Jago (1988), 39 Ohio St.3d 139.
 {¶ 6} Furthermore, appellant has or had an adequate remedy at law for challenging any sentencing errors and is therefore not entitled to habeas relief. See Massie v. Rogers.
 {¶ 7} Having failed to challenge the jurisdiction of the sentencing court, appellant is not entitled to habeas corpus relief. The lower court correctly denied appellant's petition.
 {¶ 8} The assignments of error are overruled and the judgment of the trial court is hereby affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1