[Cite as *State ex rel. Hawk v. Warden, Noble Corr. Inst.*, 2010-Ohio-2027.]
## STATE OF OHIO, NOBLE COUNTY

## IN THE COURT OF APPEALS

## SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE EX REL. GARY HAWK, | ) | |
| | ) | |
| PETITIONER, | ) | CASE NO. 10-NO-368 |
| | ) | |
| VS. | ) | OPINION |
| | ) | AND |
| WARDEN, NOBLE CI, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:                                      Dismissed

APPEARANCES:
For Petitioner                                    Gary Hawk, pro-se
                                                        #404-237
                                                        15708 McConnelsville Rd.
                                                        Caldwell, Ohio  43724

For Respondent                               Richard Cordray
                                                        Attorney General
                                                        Diane Mallory
                                                        Assistant Attorney General
                                                        Criminal Justice Section
                                                        150 East Gay Street, 16th Floor
                                                        Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 7, 2010

PER CURIAM.

{¶1} Petitioner Gary Hawk has filed a petition for writ of habeas corpus against respondent, Warden, Noble Correctional Institution. Respondent has filed a motion to dismiss the petition.

{¶2} On January 4, 2010, petitioner filed his petition which (aside from the praecipe, a listing of previously filed civil actions, and an affidavit of indigency) offered only this:

{¶3} "COMES NOW PETITIONER PURSUANT TO R.C. CHAP. 2725 WHOM RESPECTFULLY MOVES THIS HONORABLE COURT TO GRANT REVIEW OF THE CASE IN REFERENCE TO TRIAL CASE NUMBER: 00CR050.

{¶4} "THEREFORE, PURSUANT TO THE ATTACHED MEMORANDUM IN SUPPORT, AND R.C. 2725.06 THIS HONORABLE COURT HAS PROPER JURISDICTION AND SHOULD GRANT REVIEW UPON PRESENTATION THAT SUCH WRIT DEMONSTRATES A DEPRIVAL RIGHTS. O'CONST. ART I SEC 16."

{¶5} Petitioner did not attach a memorandum to the petition explaining and detailing his request. It is not clear from the petition when or where he was convicted or for what crime or crimes he was convicted.

{¶6} In response to Respondent's motion to dismiss, Petitioner then provides a partial explanation of his claim. He states that in 2000 he was indicted and convicted in Athens County for an "ongoing course of criminal conduct." He states that in 2001 he was sentenced to 6 years on one count of rape under Senate Bill 2. He states that he was also sentenced to 8 to 25 years under the "old law" for a 2000 indictment accusing him of an "ongoing course of criminal conduct" from 1992 to 1999. Because the last date listed in the latter indictment was 1999, he implies that the trial court should have sentenced him under post-Senate Bill 2 law rather than pre-Senate Bill 2 law. He contends the 8 to 25 years sentence should be vacated and that since he has already served 6 years, he should be released from prison.

{¶7} Respondent argues that Petitioner failed to attach a copy of his commitment papers to his petition for writ of habeas corpus. R.C. 2725.04 states that:

{¶8} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

{¶9} " * * *

{¶10} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶11} Failure to attach copies of commitment papers, such as the judgment entry of sentence, as part of the original filing of the petition for habeas corpus requires the dismissal of the petition. *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N .E.2d 602. As the Ohio Supreme Court explained:

{¶12} "These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application."

{¶13} Here, Petitioner has failed to attach his commitment papers to his petition. The reason they are required to be attached to the petition is especially apparent in this case. In other words, as the Ohio Supreme Court observed, they are necessary for a complete understanding of the petition. For example, it is unclear what crime Petitioner was convicted of that constituted an "ongoing course of criminal conduct." Consequently, the petition is fatally defective and must be dismissed.

{¶14} Furthermore, sentencing errors are not jurisdictional and are not cognizable in habeas corpus. *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039. See, also, *State ex rel. Marini v. Tate* (May 19, 1998), 7th Dist. No. 97 BA 59 (refusing to hear petitioner's claim in habeas that he should have been sentenced under post-Senate Bill 2 law). Petitioner has or had adequate remedies at law by appeal or postconviction relief to review the alleged sentencing error. *State ex*

*rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 450, 674 N.E.2d 1383, 1383.

**{¶15}** For the foregoing reasons, Respondent's motion to dismiss is granted and Petitioner's petition for writ of habeas corpus is hereby dismissed.

**{¶16}** Costs taxed against Petitioner.  Final order.  Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J concurs.

Vukovich, P.J. concurs.

Waite, J. concurs.